[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on a Motion for Summary Judgment brought by the plaintiff, Homeside Lending, Inc.
This action was brought by the plaintiff by writ dated February 15, 1999, seeking a foreclosure of a certain mortgage or. property belonging to the defendant, Lucille Kelsey, located at 37 Walnut Street, Winsted, Connecticut. The defendants have raised by Special Defense that the plaintiffs failed to provide the defendants an opportunity to cure and reinstate their mortgage as provided for in the mortgage.
The standard of review of a court's decision granting a motion for summary judgment is well settled. "Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A `material fact' is a fact that will make a difference in the result of a case." (Internal quotation marks omitted; citations omitted.) Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v.Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982)." Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact." Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 372 n. 7, 746 A.2d 753 (2000) "Although the moving CT Page 12207 party must show the nonexistence of any material fact, an opposing party must substantiate its adverse claims by showing that there is a genuine issue of material fact along with the evidence disclosing the existence of such an issue." Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995)."
The defendant's affidavit indicates that at the direction of an agent or employee of the plaintiff, the defendants caused monies to be delivered to the plaintiff in an amount sufficient to reinstate her mortgage on or after October 6, 1988. The plaintiff's affidavit is silent as to the circumstances regarding the defendant's right to reinstate.
Since there is a genuine issue of material fact as to whether the defendants reinstated the mortgage, the plaintiff's Motion for Summary Judgment is denied.
Matasavage, J.